# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 24-264V

|  |  |
|---|---|
| ERICA IGLESIAS,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 30, 2026 |

*Ramon Rodriguez, III, Siri & Glimstad, LLP, Richmond, VA, for Petitioner.*

*Crystal Fialkowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On February 21, 2024, Erica Iglesias filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination administered to her on June 16, 2021. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On February 4, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 25. On January 30, 2026, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $143,500.00 in pain and suffering and $6,986.84 in past unreimbursable expenses. Proffer at 1-2, ECF No. 51. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $150,486.84 for pain and suffering and past unreimbursable expenses to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

ERICA IGLESIAS,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

No. 24-264V
Chief Special Master Corcoran
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 21, 2024, Erica Iglesias ("petitioner") filed a petition for compensation

under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34

("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine

Administration ("SIRVA"), as defined in the Vaccine Injury Table, following the administration

of a tetanus, diphtheria, and acellular-pertussis ("Tdap") vaccine on June 16, 2021.  Petition at 1.

On January 31, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule

4(c) Report indicating that this case is appropriate for compensation under the terms of the Act

for a SIRVA Table injury, and the Chief Special Master issued a Ruling on Entitlement finding

petitioner entitled to compensation.  ECF Nos. 24, 25.

I.      **Items of Compensation**

      A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $143,500.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $6,986.84.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of **$ $150,486.84**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.  Petitioner agrees.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

/s/ Crystal Fialkowski
CRYSTAL FIALKOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 307-0786
Crystal.Fialkowski@usdoj.gov

Date:  January 30, 2026

3